IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Jacinto Ramirez, on Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-cv-756 |
| Load Trail, LLC, | § § | |
| Defendant. | § § | Collective Action Claim |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Jacinto Ramirez ("Plaintiff"), on behalf of himself, and all others similarly situated, file this Complaint against Defendant, Load Trail, LLC ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. Defendant is in the trailer manufacturing business with a facility in Sumner, Lamar County, Texas.

2. Defendant employed Plaintiff and the putative collective action members in connection with its business operations.

3. Plaintiff and the putative collective action members regularly worked in excess of 40 hours per workweek as employees of Defendant, but were not paid overtime premium compensation by Defendant.

4. Defendant deducted money from the earnings of Plaintiff and the putative collective action members for the costs of alleged immigration matters, providing and/or maintaining uniforms, tools, and other items required by Defendant. Such deductions resulted in Plaintiff and the putative collective action members not being paid at least $7.25 per hour for all hours worked

when dividing all wages received after those deductions by all hours worked in the corresponding workweek.

## II. THE PARTIES, JURISDICTION AND VENUE

5. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A. Plaintiff Jacinto Ramirez

8. Ramirez is a natural person. He has standing to file this lawsuit.

9. Ramirez is a former employee of Defendant with dates of employment being approximately 2004 to approximately May 8, 2017.

10. During the relevant time period, Ramirez was employed by Defendant as a welder. He was at times paid on a piece rate basis and at other times paid on an hourly rate basis. He also received performance based bonuses.

11. Ramirez regularly worked in excess of 40 hours per workweek, but was not paid any overtime premium compensation for such overtime hours worked.

12. Defendant also routinely deducted substantial amounts from Ramirez's pay for alleged immigration matters, uniforms, tools, and other items required by Defendant.

13. By filing this lawsuit and complaint, Ramirez consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b). Attached as Exhibit A is Ramirez's Consent to Join.

### B. FLSA Collective Action Members

14. The putative collective action members are all current and/or former employees of Defendant who work/worked for Defendant as welders, who like Plaintiff, are/were paid on an hourly and/or piece rate basis by Defendant, and like Plaintiff, are/were not paid time and one-half

their respective regular rates of pay for all hours worked over 40 in each and every seven day workweek.

15. All of the putative collective action members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

16. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

17. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

C. **Defendant Load Trail, LLC.**

18. Defendant is a domestic limited liability company.

19. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

20. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

21. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

22. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, and/or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

23. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include trailers, trailer

components/parts, welding equipment, welding supplies, office supplies, and other goods and/or materials used in connection with Defendant's business operations.

24. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross volume of sales made or business done in excess of $500,000.

25. Defendant's principal place of business, as listed with the Texas Secretary of State, is 220 FM 2216, Sumner, Texas 75486.

26. Defendant may be served with summons through its registered agent, Mr. Cornelio D. Thiessen, 220 FM 2216, Sumner, Texas 75486.

**D.  Jurisdiction and Venue**

27. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

28. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

29. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

30. Venue is proper in the United States District Court for the Eastern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendant's principal place of business is in this District and Defendant conducts substantial business operations in this District that involved Plaintiff and the issues made the subject matter of this lawsuit.

31. Venue is proper in the Sherman Division of the United States District Court for the Eastern District of Texas because, as previously identified, Defendant's principal place of business

is in this Division and Defendant conducts substantial business operations in this Division that involved Plaintiff and the issues made the subject matter of this lawsuit.

### III. FACTUAL BACKGROUND

32. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

33. Defendant is in the business of trailer manufacturing offering a variety of models to fit customers' needs.

34. Plaintiff was an employee of Defendant who worked as a welder. Plaintiff's primary job duties included the fabrication and fusing together of different materials for Defendant's trailer production business.

35. Plaintiff was paid at times on an hourly basis and was paid at times on a piece rate basis.

36. Plaintiff regularly worked in excess of 40 hours per seven day workweek for Defendant, but was not paid time and one-half his respective regular rates of pay for all hours worked over 40 in any seven day workweek.

37. All worked performed by Plaintiff was integral and indispensable to the primary job duties of Plaintiff.

38. Upon information and belief, Defendant did not maintain or keep a record of all hours worked by Plaintiff for Defendant per workday.

39. Upon information and belief, Defendant did not maintain or keep a record of the all hours worked by Plaintiff for Defendant for each and every seven day workweek.

40. Defendant routinely deducted amounts from Plaintiff's earnings for uniforms, immigration matters, tools, and other items required by the Defendant.

41. During the time period of three years pre-dating the filing of this lawsuit and forward, Defendant employed, and continues to employ, numerous other workers with substantially similar job duties as Plaintiff, who are/were paid an hourly rate and/or on a piece rate basis and like Plaintiff, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek.

### IV. CONTROLLING LEGAL RULES

42. The FLSA generally requires that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

43. The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

44. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

45. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

46. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough.

Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

47. Federal law requires employers to make and keep accurate and detailed payroll data for certain employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a). Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

48. The FLSA generally requires that an employer shall pay to each of its employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce wages of not less than $7.25 for each hour worked. 29 U.S.C. § 206(a)(1)(C).

49. Failing to pay the required minimum hourly wage is a violation of the FLSA. 29 U.S.C. § 216(b).

50. "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

51. "The Court…shall, in addition to any judgment awarded to the [prevailing] plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

52. The FLSA provides for a two year statute of limitations for violations of the statute. 29 U.S.C. § 255(a). However, that time period may be extended to three years if Defendant's conduct was in willful violation of the law. *Id. See also*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

### V.    PLAINTIFF'S CLAIMS

53. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

54. All conditions precedent to this suit, if any, have been fulfilled.

55. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, et seq.

56. At times relevant, Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

57. At all material times, Defendant is and has been an eligible and covered employers pursuant to the FLSA. 29 U.S.C. § 203(d).

58. At all material times, Defendant is and has been an "enterprise engaged in commerce" as that phrase is used in connection with the FLSA. 29 U.S.C. § 203(s)(1)(A).

59. Defendant failed to pay Plaintiff overtime premium compensation at one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during his employment with Defendant.

60. Defendant's failure to pay Plaintiff all overtime premium compensation owed is a violation of the FLSA. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b).

61. Plaintiff worked with many other individuals who performed the same or substantially similar job duties as Plaintiff for Defendant and who like Plaintiff, are/were paid on an hourly and/or piece rate basis. Regardless of the method of pay, Plaintiff and those similarly situated regularly worked more than 40 hours per seven day workweek for Defendant, but were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in any workweek during their employment with Defendant. Likewise, like Plaintiff, they routinely had amounts deducted from their earnings for uniforms, immigration matters, tools, and other items required by Defendant.

62. Upon information and belief, Defendant did not maintain an accurate number of the daily and weekly hours worked by Plaintiff. 29 C.F.R. § 516.2(a)(7).

63. At all times relevant, and on information and belief, Defendant has been aware of the overtime wage requirements of the FLSA for Plaintiff and other similarly situated employees.

64. Defendant's violations of the FLSA are willful within the meaning of 29 U.S.C. § 255(a). For example, at all material times, Defendant was aware that Plaintiff and the putative collective action members regularly worked in excess of 40 hours per seven day workweek, but were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every such workweek.

65. Plaintiff, on behalf of himself and all others similarly situated, seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest. The relevant time period for the FLSA claims in this lawsuit is three years preceding the date it was filed and forward.

## VI. COLLECTIVE ACTION ALLEGATIONS

66. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

67. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

68. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former employees of Defendant who, like Plaintiff, work/worked as welders for Defendant who are/were paid on an hourly and/or piece rate basis, and like Plaintiff, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven day workweek.

69. Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

70. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

71. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

72. Plaintiff further reserve the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.    JURY DEMAND

73. Plaintiff demands a jury trial.

## VIII.    DAMAGES AND PRAYER

74.    Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and FLSA Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a)    An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

    b)    All damages allowed by the FLSA for Plaintiff and the FLSA Collective Action Members including back overtime wages and liquidated damages in an amount equal to same;

    c)    Legal fees;

    d)    Costs;

    e)    Post-judgment interest; and

    f)    All other relief to which Plaintiff and/or the FLSA Collective Action Members are entitled as shown by the facts in this lawsuit.

Dated: October 22, 2018.

                                            Respectfully submitted,

                                            By: s/Rebecca Currier
                                                Allen R. Vaught
                                                TX Bar No. 24004966
                                                avaught@baronbudd.com
                                                Rebecca Currier
                                                rcurrier@baronbudd.com
                                                TX Bar No. 24074098
                                                Baron & Budd, P.C.
                                                3102 Oak Lawn Avenue, Suite 1100
                                                Dallas, Texas 75219
                                                (214) 521-3605 – Telephone
                                                (214) 520-1181 – Facsimile

                                            ATTORNEYS FOR PLAINTIFF

# EXHIBIT A

## CONSENT TO BECOME PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages and liquidated damages ("damages") against __Load Trail__ ("Defendant"), and all entities and/or individuals that may be jointly liable with Defendant for my claimed damages pursuant to the federal Fair Labor Standards Act ("FLSA"). I further acknowledge that this consent is intended to be filed to recover my FLSA damages against Defendant, and all other individuals and/or entities who are or may be jointly liable along with Defendant, in any action or proceeding that may be filed on my behalf for such recovery, and this consent may be used in any such case or proceeding as necessary to the maximum extent allowed by law. For purposes of pursuing my FLSA claims against Defendant, I choose to be represented by attorneys at the law firm of Baron & Budd, P.C. and other attorneys with whom they may associate.

Date: __9-19-18__   Signature: __Jacinto Ramirez V__

Printed Name: __Jacinto Ramirez V__